UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIO MADRID,

    Plaintiff,

v.

Case No. 17-11266

GLENN KING, MARK HOLEY, and
CINDY OLMSTEAD,

HON. AVERN COHN

    Defendants.
_____/

# MEMORANDUM AND ORDER
## OVERRULING PARTIES' OBJECTIONS (Docs. 23, 24)
## AND
## ADOPTING REPORT AND RECOMMENDATION
## AND
## GRANTING IN PART AND DENYING IN PART DEFENDANTS MARK HOLEY AND CINDY OLMSTEAD'S MOTION TO DISMISS (Doc. 7)

I.

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff Mario Madrid, formerly a prison inmate in the custody of the Michigan Department of Corrections (MDOC), filed a civil complaint through counsel, alleging violations of his First and Eighth Amendment rights by MDOC employees Glenn King, Mark Holey, and Cindy Olmstead. The matter was referred to a magistrate judge for pretrial proceedings. (Doc. 2).

Olmstead and Holey filed a motion to dismiss (Doc. 7). The magistrate judge issued a report and recommendation (MJRR), recommending the following:

    1.    The motion be granted as to the Eighth Amendment Claims against Olmstead and Holey;

> 2. The motion be granted as to the First Amendment retaliation claims against Holey;
>
> 3. The motion be denied as to the First Amendment retaliation claims against Olmstead; and
>
> 4. The motion be denied as to Olmstead's request for qualified immunity.

Defendants and plaintiff filed objections (Docs. 23, 24). For the reasons that follow, the objections will be overruled, the MJRR will be adopted, and the motion to dismiss will be granted in part and denied in part.

II.

The MJRR accurately sets for the salient allegations in the complaint which will not be repeated. Briefly, during his incarceration at the G. Robert Cotton Correctional Facility (JCF), plaintiff was employed by the Michigan Braille Transcribing Fund (MBTF) as a Braillist certified by the Library of Congress in Literary and Nemeth transcription. At the time of the September, 2014 events in question, Olmstead was the Director of MBTF and Holey was Olmstead's assistant. Defendant Glenn King (King), an MDOC Corrections Officer, who worked within the confines of MBTF for security purposes.

Plaintiff alleges that King sexually harassed him and other prisoner employees within the MBTF. When Plaintiff objected to King's actions, King threatened plaintiff. Plaintiff complained to Olmstead about King's actions. Eventually, plaintiff filed a formal complaint against King, alleging sexual harassment, retaliation, and unjustified move. King later issued plaintiff a misconduct ticket for being "Out of Place." Plaintiff was found guilty of the misconduct and given three days of loss of privileges. On rehearing, plaintiff was found not guilty.

At a later point, Olmstead lifted plaintiff's "hold" which had previously been put in

place to keep him from being transferred. As a result, plaintiff was transferred to another facility which resulted in the loss of his well-paying job as a Braillist. Plaintiff alleges that as a result of the retaliatory transfer, he lost "highly lucrative wages while incarcerated" and "a highly desirable career as a Braillist upon his release" from prison. Complaint at ¶ 16. Plaintiff later learned that King was terminated from MDOC employment but was reinstated.

Plaintiff alleges that his complaints against King "resulted in cruel and unusual conditions of confinement" and that the "adverse actions" taken against him in response to his complaints against King would "deter persons of ordinary firmness from continuing the protected conduct." Id. at ¶ 19. He alleges that Olmstead and Holey failed to investigate the complaints or take "meaningful corrective action." Id. at ¶¶ 20-22.

III.

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with

a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context. Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 508 (6th Cir. 1991) ("It is arguable in this case that Howard's counsel did not file objections at all.... [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

IV.

A.

As to plaintiff's objections, the magistrate judge first recommends dismissal of plaintiff's Eighth Amendment claim against Olmstead and Holey because he has not alleged a physical injury as required under 42 U.S.C. § 1997e(e).[1] Plaintiff says that because he was on parole at the time he filed the complaint, the physical injury requirement under section 1997e(e) does not apply. This argument has merit. See Krutko v. Franklin Cty., Ohio, 2016 WL 455397, at *5 (S.D. Ohio Feb. 5, 2016) (holding that the physical injury requirement does not apply to plaintiffs who were not prisoners at the time they filed suit, citing Kerr v. Puckett, 138 F.3d 321, 323 (7th Cir. 1998)). However, even though the Court rejects the magistrate judge's recommendation that plaintiff's Eighth Amendment claim be dismissed on this ground, the claim still fails, as explained below.

---

[1]This section provides:
No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act.

4

The magistrate judge also recommends that plaintiff's Eighth Amendment claim against Olmstead and Holey be dismissed because his allegations of a failure to investigate King's actions does not state a plausible Eighth Amendment claim of constitutional magnitude. Plaintiff's objection essentially repeats the arguments considered and rejected by the magistrate judge. The Court agrees that the allegations against Olmstead and Holey do not rise to the level of an Eighth Amendment claim. See MJRR at p. 8.

B.

Defendants' objections are limited to the magistrate judge's recommendation to deny the motion on plaintiff's First Amendment retaliation claim against Olmstead. Defendants first say that the magistrate judge erred in recommending that the complaint contains sufficient factual allegations that Olmstead is a state actor. The Court disagrees. The magistrate judge carefully considered the allegations in the complaint in finding it plausible that Olmstead is a state actor. Defendants' objections do not convince the Court that the magistrate judge's recommendation is incorrect.

Defendants also object to the magistrate judge's recommendation that Olmstead is not entitled to qualified immunity, i.e. plaintiff has stated a viable retaliation claim against her. Defendants' objections raise factual issues which are beyond the bounds of a motion to dismiss. Whether, following discovery, the allegations are sufficient to make out a claim for trial is another matter. Suffice to say that the allegations, viewed in a light most favorable to plaintiff, allege a viable First Amendment retaliation claim against Olmstead.

V.

For the reasons stated above, the parties' objections are OVERRULED. The MJRR is ADOPTED as the findings and conclusions of the Court, as modified above. Defendants' motion to dismiss is GRANTED IN PART AND DENIED IN PART. The case continues against Olmstead (First Amendment) and King (First and Eighth Amendments).

SO ORDERED.

S/Avern Cohn  
AVERN COHN  
UNITED STATES DISTRICT JUDGE

Dated: 3/1/2018
    Detroit, Michigan