UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIO MADRID,

    Plaintiff,                        No. 17-11266

v.                                      District Judge Avern Cohn
                                        Magistrate Judge R. Steven Whalen

GLENN KING, ET AL.,

    Defendants.
_____/

# ORDER

Before the Court is Plaintiff Mario Madrid's motion for attorney fees and costs pursuant to Fed.R.Civ.P. 4(d)(2), associated with service of process on Defendant Glenn King [Doc. #46].

Rule 4(d)(2) provides as follows:

**(2) Failure to Waive**. If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:

**(A)** the expenses later incurred in making service; and

**(B)** the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Defendant King was employed by the Michigan Department of Corrections ("MDOC") at the time of the events alleged in the complaint. Plaintiff's counsel sent a

waiver of service addressed to King at the MDOC's Robert G. Cotton Correctional Facility in Jackson, Michigan. A tracking document from the United States Postal Service indicates that the waiver was "delivered to an individual" at the address provided, but does not specify that the individual was Defendant King.  Pursuant to MDOC protocol on service documents, the mailing would not have been received directly by King himself, but rather the prison's litigation coordinator or his/her subordinate.  My previous order denying a motion for fees and costs and order service by the United States Marshal [Doc. #12] states:

> "While it is this Court's understanding and experience that the prison litigation coordinator accepts and forwards service documents sent by the U.S. Marshal, it seems that in this case there is a reluctance or refusal to do so in the case of a private attorney or process server.  Therefore, I find good cause to order Marshal's service."

My order also directed the Marshal to send a waiver of service to King at the Cotton Facility.  Again, this would not have been delivered directly to King, and there is no showing that he personally received a waiver of service.  In the present motion, Plaintiff states at fn. 2, "It is believed the Litigation Coordinator was instructed by Defendant King not to accept service...."  There is no requirement that a defendant must authorize a third party to accept service, and if Plaintiff is correct, then King was never served with the waiver at the Cotton Facility.[1]  There is some question as to whether King

---

[1] Plaintiff's process server also attempted service on King at the Cotton Facility, but "MDOC/Cotton Facility/Ms. Napier refused service.  She is the litigation coordinator for Cotton." *See* Exhibit C to Plaintiff's first motion for costs [Doc. #8].

was still employed by the MDOC at that time. *See* the Court's January 25, 2018 order directing service of summons and complaint at King's home address [Doc. #20] ("Defendant King is apparently no longer employed by the MDOC").

On December 20, 2017, pursuant to the Court's order, the MDOC sent the Marshal's Service Defendant King's last known home address [Doc. #19] (address redacted on the record). On January 25, 2018, the Court ordered the Marshal to serve King with a summons and complaint by certified mail at his home address, pursuant to Fed.R.Civ.P. 4(e)(1) and M.C.R. § 2.105(A)(2) [Doc. #20]. When that proved unsuccessful, the Court ordered the Marshal to personally serve King [Doc. #32].

In sum, the record fails to show that Defendant King ever received a waiver of service, either because he did not authorize anyone at the MDOC to accept service on his behalf, or because he had ceased employment at the Cotton Facility when the waivers were sent there. Waivers of service were not sent to King at his home address; instead, the Court ordered service of the complaint and summons by certified mail, which proved unsuccessful, as the certified mail was returned unexecuted with a notation "refused" [Doc. #31]. On April 25, 2018, the Court ordered the Marshal to personally serve King at the address provided by the MDOC [Doc. #32]. A new summons was issued on May 1, 2018 [Doc. #35], and King filed his *pro se* answer on June 5, 2018 [Doc. #41].[2]

Admittedly, it has been difficult to serve Defendant King. However, if King did

---

[2] King has since obtained counsel, and has filed an amended answer.

not receive the waivers of service, he cannot be charged with failure to sign and return them, and thus cannot be sanctioned under Rule 4(d)(2).

Therefore, Plaintiff's motion for attorney fees and costs [Doc. #46] is DENIED.

IT IS SO ORDERED.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: January 29, 2019

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on January 29, 2019, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen