# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MARIO MADRID,

    Plaintiff,

v.

GLENN KING, et al.,

    Defendants.

_____/

Case No. 17-11266
Honorable Denise Page Hood

**ORDER ACCEPTING AND ADOPTING THE REPORT AND RECOMMENDATION (ECF No. 79)**
**and**
**GRANTING OLMSTEAD'S MOTION FOR SUMMARY JUDGMENT (ECF No. 67)**
**and**
**DENYING KING'S MOTION FOR SUMMARY JUDGMENT (ECF No. 69)**

## I. INTRODUCTION/BACKGROUND

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff Mario Madrid, a former inmate with the Michigan Department of Corrections (MDOC), filed a complaint alleging violations of his First and Eighth Amendment rights by defendants Mark Holey (Holey), Cindy Olmstead (Olmstead), and MDOC employee Glenn King (King). The matter was referred to Magistrate Judge R. Steven Whalen for pretrial proceedings. (ECF No. 2). Holey and Olmstead filed a motion to dismiss.

(ECF No. 7). The Magistrate Judge issued a Report and Recommendation (R&R), recommending that the motion be granted in part. (ECF No. 22). The Court adopted the R&R, dismissed all claims against Holey, and dismissed Plaintiff's Eighth Amendment claim against Olmstead. (ECF No. 29). Olmstead and King then filed separate motions for summary judgment. (ECF Nos. 67, 69). On February 28, 2020, the Magistrate Judge issued an R&R, recommending that Olmstead's motion be granted, and King's motion be denied. (ECF No. 79). On March 16, 2020, Plaintiff filed Objections to the R&R (ECF No. 80).

## II. STANDARD OF REVIEW

The standard of review by the district court when examining a Report and Recommendation is set forth in 28 U.S.C.§ 636. This Court "shall make a *de novo* determination of those portions of the report or the specified proposed findings or recommendations to which an objection is made." 28 U.S.C. § 636(B)(1)(c). The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate." *Id*. In order to preserve the right to appeal the Magistrate Judge's recommendation, a party must file objections to the Report and Recommendation within fourteen (14) days of service of the Report and Recommendation. Fed. R. Civ. P 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140

(1985); *Howard v. Secretary of Health and Human Servs.*, 932 F2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

### III. ANALYSIS

As an initial matter, because King has not objected to the R&R, he has waived his right to further review. The Court, however, has reviewed the R&R and agrees with the Magistrate Judge that King is not entitled to summary judgment in his favor on Plaintiff's First Amendment retaliation claim.

Plaintiff raises seven objections to the R&R with respect to his First Amendment retaliation claim against Olmstead. None of them carry the day. The objections are discussed in turn below.

Plaintiff first says that the Magistrate Judge did not "conduct a complete analysis" of his claims because the Magistrate Judge did not cite to all of Plaintiff's documents. There is no requirement that the Magistrate Judge cite to all of the documents in the record. This is not a sufficient objection to the R&R.

Second, Plaintiff says that the Magistrate Judge did not apply the proper legal standard for protected conduct. Not so. The Magistrate Judge cited the proper legal standard and correctly applied it to conclude that Plaintiff failed to meet his burden of showing that Olmstead violated his First Amendment rights.

Third, Plaintiff says that the Magistrate Judge erred in concluding that Olmstead

did not take any adverse action against Plaintiff. Plaintiff says that Olmstead had an ability to place "a hold" on him to prevent his transfer. The Magistrate Judge discussed Olmstead's ability to place "a hold" on Plaintiff in the context of whether Olmstead was a state actor, not whether Plaintiff suffered an adverse action. In any event, even if placing "a hold" is considered to be an adverse action, Plaintiff's retaliation claim still fails because there is no evidence that Olmstead's actions were taken with any retaliatory purpose.

In Plaintiff's fourth and fifth objections, he agues that the Magistrate Judge erred in "weighing the evidence" and in particular failed to consider Olmstead's actions of writing a negative work evaluation and misconduct report against him. These objections simply demonstrate Plaintiff's disagreement with the Magistrate Judge's analysis. The Magistrate Judge correctly concluded that the record showed that Olmstead's actions were not motivated by "anything other than a good faith belief that Plaintiff had violated . . . [the] zero tolerance policy." (ECF No. 79, PageID.2123).

In his sixth objection, Plaintiff suggests that the Magistrate Judge did not read or consider Plaintiff's response to Olmstead's motion for summary judgment. This objection is not well-taken. The Magistrate Judge discussed Plaintiff's arguments and evidence presented in his response in detail. The Magistrate Judge in particular cited

Plaintiff's affidavit which was attached to his response. *See* ECF No. 79, PageID.2122.

In Plaintiff's seventh and final objection, he argues that the Magistrate Judge erred in concluding that because Plaintiff failed to show that Olmstead violated his constitutional rights, it was not necessary to consider whether her actions were reasonable or whether the right in question was clearly established. The Magistrate Judge's conclusion is a correct application of the law of qualified immunity. If no constitutional violation is established, then there is no need to engage in further qualified immunity analysis.

**IV. CONCLUSION**

For the reasons set forth above,

IT IS ORDERED that Magistrate Judge R. Steven Whalen's Report and Recommendation **(ECF No. 79)** is ACCEPTED AND ADOPTED as this Court's findings of fact and conclusions of law. Plaintiff's Objections are overruled.

IT IS FURTHER ORDERED that Olmstead's Motion for Summary Judgment **(ECF No. 67)** is GRANTED. Defendant Cindy Olmstead is DISMISSED from this action with prejudice.

IT IS FURTHER ORDERED that King's Motion for Summary Judgment **(ECF No. 69)** is DENIED. Defendant Glenn King remains as a defendant on Plaintiff's

First Amendment retaliation claim only.

IT IS FURTHER ORDERED that Defendant Mark Holey is DISMISSED with prejudice.  (**See, Order, ECF No. 29**)

*s/Denise Page Hood*
DENISE PAGE HOOD
Chief United States District Judge

DATED: May 15, 2020